CILENTI & COOPER, PLLC
Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEDRO ORDONEZ and HUGO R. MORALES,     Case No.
on behalf of themselves and others similarly situated,

                         Plaintiffs,     **COMPLAINT**

-against-

A&S BROADWAY PRODUCE, INC., *dba*
TOP TOMATO SUPERMARKET, and
SALVATORE SCIANDRA, ANTHONY SCIANDRA,
and STEVEN PAPAKONSCANTIS, individually,

                         Defendants.

---

Plaintiffs, **Pedro Ordonez and Hugo R. Morales**, (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, A&S Broadway Produce, Inc., *dba* Top Tomato Supermarket, and Salvatore Sciandra, Anthony Sciandra, and Steven Papakonscantis, individually, (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation,

(3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) Statutory penalties for failing to provide required disclosure and an accurate and true weekly wage statement pursuant to the New York Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Westchester County, New York.

6. Upon information and belief, Defendant, A&S Broadway Produce, Inc. (hereinafter, "Top Tomato Supermarket"), is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 420 S. Broadway, Yonkers, New York, 10705.

7. Upon information and belief, Defendant, Salvatore Sciandra, is an owner, officer, director and/or managing agent of Top Tomato Supermarket, whose address is unknown at this time, and who participated in the day-to-day operations of Top Tomato Supermarket and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Top Tomato Supermarket.

8. Upon information and belief, Defendant, Anthony Sciandra, is an owner, officer, director and/or managing agent of Top Tomato Supermarket, whose address is unknown at this time, and who participated in the day-to-day operations of Top Tomato Supermarket and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Top Tomato Supermarket.

9. Upon information and belief, Defendant, Steven Papakonscantis, is an owner, officer, director and/or managing agent of Top Tomato Supermarket, whose address is unknown at this time, and who participated in the day-to-day operations of Top Tomato Supermarket and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Top Tomato Supermarket.

10. Plaintiff, Pedro Ordonez, was employed by Defendant Top Tomato Supermarket in Westchester County, New York, to work as a nighttime stock person and cleaner, at Defendants' grocery store, from in or around 2003, until late May 2014.

11. Plaintiff, Hugo R. Morales, was employed by Defendant Top Tomato Supermarket in Westchester County, New York, to work as a daytime stock person and general helper at Defendants' grocery store, from in or around 2004, until late May 2014.

12. At all relevant times, Top Tomato Supermarket was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the grocery store businesses operated by Top Tomato Supermarket.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. In or about 2003, Plaintiff, Pedro Ordonez, was hired by Defendant Top Tomato Supermarket to work as a stock person and cleaner at Defendants' grocery store known as "Top Tomato Supermarket," located at 420 S. Broadway, Yonkers, New York 10705.

18. Plaintiff, Pedro Ordonez, worked for the Defendants continuously, until his employment was terminated in late May 2014.

19. During Plaintiff Pedro Ordonez's employment by Top Tomato Supermarket, he worked over forty (40) hours per week. Plaintiff Pedro Ordonez generally worked six (6) days a week, and his work shift consisted of ten (10) hours each day.

20. Plaintiff Pedro Ordonez was not paid wages for all hours workd, or overtime compensation. Plaintiff Pedro Ordonez was paid a weekly sum of $4655.00, in cash and partly by check, and worked over sixty (60) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate as required by state and federal law. In addition, he was told that he was paid for nine (9) hours each day although he did not take a break and his shift was ten (10) hours each day.

21. Plaintiff Pedro Ordonez was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

22. The wage statement given to Pedro Ordonez was known to be inaccurate, and untrue.

23. In or about 2004, Plaintiff, Hugo R. Morales, was hired by Defendant Top Tomato Supermarket to work as a stock person and general helper at Defendant's grocery store known as "Top Tomato Supermarket," located at 420 S. Broadway, Yonkers, New York 10705.

24. Plaintiff, Hugo R. Morales, worked for the Defendants continuously for more than a decade, until his employment was terminated in late May 2014.

25. During Plaintiff Hugo R. Morales' employment by Top Tomato Supermarket, he worked over forty (40) hours per week. Prior to 2014, Plaintiff Hugo R. Morales generally worked seven (7) days a week, and his work shift consisted of approximately twelve (12) hours each day. As of 2014, while another lawsuit was pending, his hours were reduced.

26. Plaintiff Hugo R. Morales was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff Hugo R. Morales was paid a weekly sum of $450.00, in cash, and worked seventy-two (72) hours, or more, hours per week. Plaintiff Hugo R. Morales was not paid hourly, he was not compensated for work performed above forty (40) hours per week, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage as required by state and federal law.

27. Plaintiff Hugo R. Morales was not provided with a wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay, as required by law.

28. Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees.

29. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30. Defendants knowingly and willfully operated their businesses with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

31. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

32. Records maintained by the Defendants regarding the hours and pay of the plaintiffs, are known to be false.

33. Defendant, Salvatore Sciandra, is an individual who, upon information and belief, owns the stock of Top Tomato Supermarket, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

34. Defendant, Anthony Sciandra, is an individual who, upon information and belief, owns the stock of Top Tomato Supermarket, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35. Defendant, Steven Papakonscantis, is an individual who, upon information and belief, owns the stock of Top Tomato Supermarket, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

36. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40. Plaintiffs, Pedro Ordonez and Hugo R. Morales, worked hours for which they were not paid the statutory minimum wage.

41. At all relevant times, Defendants Top Tomato Supermarket had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, Pedro Ordonez and Hugo R. Morales, for some or all of the hours they worked.

42. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

43. Each of the Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

44. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and/or the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

46. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants, Top Tomato Supermarket, knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked, and minimum wages in the lawful amount for all hours worked.

55. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the regular rate of pay (or statutory minimum rate of pay), for each hour worked in excess of forty (40) hours in a workweek.

56. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten

(10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

57. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

58. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "57" of this Amended Complaint as if fully set forth herein.

59. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

61. Defendants did not provide Plaintiff Pedro Ordonez, with an accurate written statement properly accounting for his actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

62. Defendants did not provide Plaintiff Hugo R. Morales, with any document or written statement accurately accounting for his actual hours worked, and setting forth their hourly rate of pay, regular wage, and/or overtime wages.

63. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

64. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65. Plaintiffs were not provided with true and accurate wage statements as required by law.

66. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Pedro Ordonez and Hugo R. Morales, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(e) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) **An award of liquidated and/or punitive damages as a result of Defendants'** willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(g) An order, tolling the applicable statutes of limitations;

(h) An award of prejudgment and post-judgment interest;

(i) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(j) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
June 10, 2014

Respectfully submitted,

By:_____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, _Pedro Ordonez_, am an employee formerly employed by _Top Tomato_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 4_, 2014

_____

Sworn to before me this _4th_ day of _June_ 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20_18_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Hugo Rolando Morales_, am an employee formerly employed by _Top Tomato_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_June 9_, 2014

_____

Sworn to before me this _9th_
day of _June_ 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__