USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

PEDRO ORDONEZ and HUGO R. MORALES,
on behalf of themselves and others similarly situated,

      Plaintiffs,

 -against-

A&S BROADWAY PRODUCE, INC., *dba*
TOP TOMATO SUPERMARKET, and
SALVATORE SCIANDRA, ANTHONY
SCIANDRA, and STEVEN PAPAKONSCANTIS,
individually,

      Defendants.

------------------------------------------------------------- X

14-cv-4152 (NSR) (JCM)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiffs Pedro Ordonez and Hugo Morales bring this action on behalf of themselves and others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). Trial in this action is scheduled to begin on October 6, 2015. In anticipation of trial, Defendants now move *in limine* to preclude Plaintiffs from introducing two prior complaints filed against Defendants that also alleged violations of the FLSA and NYLL. For the following reasons, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

  Plaintiffs are former employees of Defendant A&S Broadway Produce (the "Store"). The Store is purportedly owned and operated by Defendants Salvatore Sciandra, Anthony Sciandra, and Steven Papakonstantis (collectively with the Store, the "Defendants"). Plaintiffs allege violations of the FLSA and NYLL for Defendants' failure to: (1) pay them one and one-

half times their hourly wage for all work over forty hours per week, and (2) provide wage statements detailing their hours and pay.

## LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984).  Thus, the Court is called "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005).  Only evidence that is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (internal citations omitted), should be excluded on a motion *in limine*.  Because the Court does not have the benefit of viewing the proposed evidence in the context of trial, a motion *in limine* ruling may be "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant[s'] proffer." *Paredes*, 176 F. Supp. 2d at 181 (quoting *Luce*, 469 U.S. at 41).

The Court looks to Rules 401, 402, and 403 of the Federal Rules of Evidence to determine whether the contested evidence is admissible at trial.  Under Rule 402, only relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403.  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

Defendants move to preclude Plaintiffs from offering into evidence two prior complaints – one filed in this Court,[1] the other in the Eastern District of New York[2] – alleging violations by Defendants of the FLSA and NYLL.  Both complaints were voluntarily dismissed with prejudice and without any admission of liability.  (Def.'s Mot. at 4; Declaration of Emanuel Katev, Esq. In Support of Defendants' First Motion In Limine to Preclude the Introduction of Prior Complaints, Exs. A & B.)  The crux of Defendants' argument is that the complaints are irrelevant to this action and will be unfairly prejudicial if admitted into evidence.  Defendants presume that the complaints will be introduced only "to paint Defendants as 'repeat offenders' of the FLSA and NYLL." (Def.'s Mot. at 4-5.)  Plaintiffs contend, however, that there are many reasons to admit the complaints as evidence, including that the complaints show Defendants' notice of, and therefore their willfulness to violate, their obligations under the FLSA.  (Pl.'s Opp. at 11-12.) Plaintiffs also seek to present deposition testimony of Defendant Steven Papakonstantis taken in connection with *Payano*.  Defendants oppose the admission Papakonstantis' testimony.

---

[1] *Payano et al. v. A&S Broadway Produce, Inc.*, No. 13 Cv. 863 (NSR) (PED) (S.D.N.Y. 2013) ("*Payano*").
[2] *Lobato et al. v. Amboy Food Distributors Corp. et al.*, No. 14 Cv. 6460 (SJ) (SMG) (E.D.N.Y. 2014) ("*Lobato*").

3

    **I.**        **Admissibility Of Prior Complaints**

Defendants contend, and the Court agrees, that the two prior complaints are largely irrelevant to the instant action and would be unfairly prejudicial if admitted for all purposes at trial. *See* Fed. R. Evid. 402, 403. Defendants denied the allegations of both complaints, (*see* Def.'s Mot. at 4; *Payano*, Docket No. 9; *Lobato*, Docket Nos. 15, 20), and each complaint was voluntarily dismissed with prejudice and without any admission of wrongdoing by Defendants.

Prior complaints are, however, "sufficient to put [an] employer on notice about its obligations under the FLSA and thus establish willfulness." *Eschmann v. White Plains Crane Serv., Inc.*, No. 11 Cv. 5881 (KAM) (VVP), 2014 WL 1224247, at *6 (E.D.N.Y. Mar. 24, 2014). A finding of willfulness is required to impose liquidated damages in this matter with respect to the alleged violations occurring prior to November 24, 2009. *Kim v. Kum Gang, Inc.*, No. 12 Cv. 6344 (MHD), 2015 WL 2222438, at *28 (S.D.N.Y. Mar. 19, 2015) ("Prior to November 24, 2009, the test for imposition of such additional damages [under NYLL] was whether the conduct of the employer had been willful, a standard that paralleled the willfulness test under the FLSA."). Thus, the Court will permit the admission of the prior complaints for the limited purpose of establishing Defendants' willfulness under the FLSA and NYLL.

    **II.**        **Admissibility Of Prior Deposition Testimony**

Rule 5(A)(10) of this Court's Individual Practices in Civil Cases requires as part of a joint pretrial order that each party list "exhibits to be offered in its case in chief." In their opposition to the instant motion, Plaintiffs appear to suggest that they will offer into evidence portions of Defendant Papakonstantis' deposition testimony taken in connection with *Payano*. Plaintiffs did not, however, include this testimony as an anticipated exhibit in the joint pretrial order filed with the Court. (*See* Docket No. 51 at 8.)

Though Plaintiffs' failure to comply with the Court's rules weighs in favor of excluding the testimony from their case in chief, it appears likely to the Court that this testimony will be used only to impeach Defendant Papakonstantis should he testify in this matter. Defendants concede that such a use of this testimony is permissible. (Def.'s Reply at 4) ("[t]he Plaintiff[s] may attack . . . Defendant Papakonstantis' prior allegedly inconsistent testimony at trial for credibility purposes . . . .") Accordingly, the Court will permit the use of Defendant Papakonstantis' prior testimony for impeachment purposes at trial. To the extent that Plaintiffs seek to introduce this testimony as part of their case in chief, the Court will permit Defendants to renew their motion to exclude the testimony at that time.

### III. Sanctions

Both Plaintiffs and Defendants move for sanctions against each other for actions related to their pretrial filings and the instant motion. Federal Rule of Civil Procedure 11(c)(2) requires that "[a] motion for sanctions . . . be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Further, the Rule "conditions the filing of a sanctions motion on the offending party being given notice and a twenty-one-day opportunity to correct or withdraw the document." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010). Neither party has made a separate motion for sanctions, nor waited the required twenty-one days to file such a motion. The Court thus declines to entertain any motions for sanctions at this time. The parties may renew their motions at a later date, in compliance with the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendant's motion *in limine* is GRANTED in part and DENIED in part. The Court respectfully directs the Clerk to terminate the motion at ECF No. 53. The parties are directed to appear at the previously scheduled pretrial conference on September 30, 2015 at 10 a.m.

Dated: September 29, 2015  
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge